UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ANDREW MILLER,

      Plaintiff,

v.                                                                        Case No. 2:13-cv-08573

WARDEN DAVID BALLARD
and CAPTAIN MATHENY,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On April 19, 2013, the plaintiff, an inmate at the Mount Olive Correctional Complex ("MOCC"), filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint (ECF No. 2), alleging that the defendants "have acted unreasonably" concerning his complaints about the "Quality of Life" program in the Administrative Segregation unit at MOCC. This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is

frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court further explained its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * * In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

---

[1] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

## THE PLAINTIFF'S ALLEGATIONS

The plaintiff's Complaint states as follows [spelling corrected]:

> I'm Andrew Miller 50804-1 vs David Ballard and Captain Matheny, both acted unreasonably to my complaint and done nothing. My complaint is I'm on an Administrative Segregation program known as "Quality of Life" a rehabilitative program that hasn't had rehabilitation services in years. At the minimum to complete the program it's eighteen months. The requirement to complete the program is behave for the entire 18 months. No write up or restart the 18 months if found guilty. I am sentenced by my judge to do rehabilitative services to make parole. It's no services! I'm treated as a punitive inmate locked down 23 hours a day. Items in my cell – paper, pen & books. I'm mentally bothered. Please help me!

(Complaint, ECF No. 2, at 4-5). The plaintiff seeks the following relief:

> Make Mt. Olive bring services to Administrative Segregation inmates. Allow me to be audited by the minister at my church for mental ills. Along with 80,000 on attempting to destroy my sanity by making me restart the program twice and not allowing me to do services so I may go home/make parole. Make Mt. Olive follow through.

(*Id.* at 5).

## ANALYSIS

The Quality of Life program ("QOL program") at MOCC is a behavior driven progressive incentive system consisting of five levels. Inmates qualify for advancement to the next level by completing required behavioral and educational programs. The plaintiff's Complaint summarily alleges that he is being denied "rehabilitative services." Although the plaintiff has not alleged the violation of any specific constitutional right or law in his Complaint, liberally construing the Complaint, as the court must, it would appear that the plaintiff is alleging a substantive due process claim. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See Weller v. Department of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (documents filed by *pro se* plaintiffs are held to a less stringent

standard than those drafted by attorneys and, therefore, are construed liberally; however, the court may not act as an advocate for the *pro se* plaintiff).

The Due Process Clause of the Fourteenth Amendment of the United States Constitution prohibits a State from depriving "any person of life, liberty, or property, without due process of law." However, as a result of his conviction and imprisonment, a prisoner's protected liberty interests are significantly reduced. As noted by the Supreme Court in *Sandin v. Conner*, "the Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner" and "the Due Process Clause did not itself create a liberty interest to be free from intrastate prison transfers." 515 U.S. 472, 478 (1995) (citing *Meachum v. Fano*, 427 U.S. 215 (1976)). In the prison context, a liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.

In *Beverati v. Smith*, 120 F.3d 500, 502 (4th Cir. 1997), the United States Court of Appeals for the Fourth Circuit reiterated that, "[i]n order to prevail on either a procedural or substantive due process claim, inmates must first demonstrate that they were deprived of life, liberty, or property" by governmental action. Under the reasoning in *Sandin*, the *Beverati* Court further held that neither the fact that an inmate was placed in administrative segregation, nor the general conditions therein, resulted in confinement that is atypical or posed a significant hardship on the inmate vis a vis ordinary prison life, so as to give rise to a liberty interest protected by the Due Process Clause. *Id.* at 502-504.

Following the reasoning of the Supreme Court in *Sandin*, the undersigned finds no liberty violation implicated in the decisions of prison staff which caused the plaintiff

4

to be placed at a particular level of the QOL program, as it is not atypical for inmates to be placed in administrative segregation for any number of reasons. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Beverati v. Smith*, 120 F.3d at 502-04 ("confinement to administrative segregation does not implicate a liberty interest"). The plaintiff has no right to notice and an opportunity to be heard prior to his assignment to a particular level of the QOL program, as a prisoner has no liberty interest in being housed in any particular prison facility. *See Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976).

If the plaintiff is complaining that the conditions of confinement on the QOL program are themselves a violation of due process, the undersigned is not persuaded. The Supreme Court ruled in *Wilkinson v. Austin*, 545 U.S. 209 (2005), that the "totality of circumstances" to which inmates are subjected in the Ohio "super maximum" prison (prohibition of almost all human contact including cell-to-cell conversation, 24 hour a day lighting, one hour exercise in a small indoor room, indefinite placement, and disqualification for parole consideration) are atypical and significant hardships which creates a liberty interest and its attendant due process. The plaintiff has not alleged that he is subject to such arduous conditions.

Moreover, to the extent that the plaintiff has implied that his lack of "rehabilitative services" may affect his chances for parole, his Complaint fails to sufficiently state any facts to support such a claim or plausibly show how any conduct by the two named defendants, David Ballard and Captain Matheny, has resulted in any actual injury to the plaintiff. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a facially plausible due process claim against the defendants.

The plaintiff has also alleged that he is treated like a punitive inmate. Thus, to the extent that the plaintiff may be attempting to raise a claim concerning cruel and unusual punishment under the Eighth Amendment of the United States Constitution, the undersigned will also address the standard for such claims.

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" *Id.*, at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." *Id.*, at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id., at 837.

The undersigned further proposes that the presiding District Judge **FIND** that the plaintiff's Complaint does not in any way allege any specific conduct by the

6

defendants that would rise to the level of deliberate indifference or cruel and unusual punishment under the Eighth Amendment.

The holdings in *Sandin*, *Beverati*, *Wilkinson* and *Farmer* establish that the plaintiff has failed to state a facially plausible claim in violation of either the Eighth or Fourteenth Amendments. Furthermore, the plaintiff's Complaint contains only conclusory statements and, in fact, contains no specific allegations against defendants Ballard and Matheny at all. Accordingly, pursuant to the holdings in *Twombly* and *Iqbal*, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted.

Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 1) under 28 U.S.C. § 1915A, and **DENY** his Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the presiding District Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.

<u>March 10, 2014</u>

Dwane L. Tinsley
United States Magistrate Judge